IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

      MAY 1 2 2014

CLERK, U.S. DISTRICT COURT
By
          Deputy
```

UNITED STATES OF AMERICA

v.                                         No. 4:14-MJ-233

SABRINA STAR GONZALES (01)

## Criminal Complaint

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about May 9, 2014, in the Fort Worth Division of the Northern District of Texas, defendant **SABRINA STAR GONZALES**, did knowingly and intentionally possess with intent to distribute more than 1000 grams of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).

I, Michael Cestare, being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent (S/A) with United States Immigration and Customs Enforcement

(ICE), Homeland Security Investigations (HSI), Department of Homeland Security, employed in

such capacity since May 18, 2009.  I am currently assigned to the Dallas Special Agent-in-Charge

(SAC) Office, Airport Group, located at Dallas Fort Worth International Airport (DFW).  As an

ICE/HSI Special Agent, I have received training in the application of federal statutes, federal

court procedures, evidence handling procedures as well as immigration, commercial fraud,

money laundering and narcotics investigations.

2.      This affidavit is based upon my observations, review of reports, activities, records and my

conversations with other law enforcement agents, witnesses, and sources.

**Complaint – Page 1**

On May 9, 2014, at approximately 1703 hours, Sabrina **GONZALES**, arrived in the United States at the Dallas/Fort Worth International Airport Port of Entry on American Eagle flight # 3275 from Guadalajara, Mexico.  At approximately 1710 hours, the officer referred **GONZALES** for a secondary baggage exam.  The officer noted that **GONZALES** would not make direct eye contact and she kept looking down at her bag.

3.       Upon arrival in the customs secondary inspection area **GONZALES** declared a "Mexican Chair."  Examination of her luggage revealed a folding cot made of wood and a burlap material. The cot was examined with the use of x-ray and was found to have anomalies present within the wooden frame.  During the handling of the cot, the officers noticed it to be unusually heavy. Upon drilling a hole in the wooden frame, a white crystal substance was discovered.  The white crystal substance field tested positive for the narcotic properties of methamphetamine.

4.       **GONZALES** was read her Miranda Rights, in the English language.  **GONZALES** acknowledged she understood her rights and agreed to waive her right to counsel and answer questions.

5.       **GONZALES** stated that she was approached by an individual and asked if she wanted to make $10,000. **GONZALES** agreed and was given instructions to fly to Mexico where she would meet someone who would give her a suitcase containing an unknown drug to bring back to the United States. On May 7, 2014, **GONZALES** stated she flew from the Dallas Fort Worth (DFW) International Airport to Morelia, Mexico.

6.       **GONZALES** stated she was supposed to meet with someone to receive the suitcase containing the unknown drug the following day, but her flight was canceled due to weather.

**Complaint – Page 2**

On Friday May 9, 2014, **GONZALES** stated she was picked up from her hotel by an unknown person who gave her the drugs and then she was taken to a bus station. **GONZALES** stated she made it through the airport in Guadalajara, Mexico with no problem and boarded her flight to the DFW Airport.

7.    **GONZALES** stated she agreed to bring drugs into the United States, but she did not know what type of drugs she was bringing in. She stated she was to be paid $10,000 once the suitcase containing the drugs was delivered.

8.    At approximately 2345 hours Customs and Border Protection Officers finished dismantling the wooden cot. The total weight of methamphetamine removed from the cot was approximately 6683 grams.

9.    Based on the foregoing evidence, it is believed that Sabrina Star **GONZALES** has violated Section 21 U.S.C. §841 (a)(1) to wit: Possession with Intent to Distribute a Controlled Substance;

Michael Cestare
Special Agent, ICE/HSI
Department of Homeland Security

Sworn to before me and subscribed in my presence, 12th day of May 2014, at

_1:57_ a.m. / p.m. at Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

**Complaint – Page 3**